IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MACNEIL AUTOMOTIVE PRODUCTS LIMITED, an Illinois Corporation, | ) ) ) | |
| Plaintiff, | ) ) | No. 08 C 139 |
| v. | ) ) ) | Honorable Joan B. Gottschall |
| CANNON AUTOMOTIVE LIMITED, f/k/a CANNON RUBBER LIMITED, AUTOMOTIVE DIVISION, a United Kingdom Company, | ) ) ) ) ) | Magistrate Judge Arlander Keys |
| Defendant. | ) | |

### CANNON'S MOTION TO DISMISS OR STAY PROCEEDINGS

Defendant, Cannon Automotive Limited ("Cannon"), by and through its attorneys, Freeborn & Peters LLP, hereby moves to dismiss, or in the alternative stay this lawsuit  In support of its Motion, Cannon submits its accompanying Memorandum in Support, which is incorporated herein by reference, and states as follows:

1.  On November 30, 2007, Cannon, a United Kingdom ("UK") company located in London, England, commenced an action against Plaintiff, MacNeil Automotive Products, Limited ("MacNeil") in a UK court over breaches of the parties' supply agreement. In short, MacNeil failed to pay Cannon for more than $600,000US worth of automobile floor mats that Cannon delivered in the UK to MacNeil.

2.  The UK court is the proper forum to resolve the parties' disputes because it is uncontroverted that MacNeil solicited Cannon in the UK to form a supply relationship and that the entirety of the supply relationship took place in the UK: (i) the supply agreement was initiated and negotiated in the UK; (ii) the purchase orders were placed in the UK; (iii) many of

the products at issue were designed and tested and all of them were manufactured and mass produced in the UK; (iv) Cannon's facilities and employees are located and reside in the UK; (v) the tooling at issue (that was allegedly converted) is located in the UK; (vi) the products were delivered to MacNeil in the UK; and (vii) MacNeil paid Cannon in the UK.

3. Instead of pursuing in the UK its purported defenses to Cannon's first-filed action, MacNeil brings those alleged defenses before this Court in the guise of a complaint. MacNeil's maneuvering is transparent – it has engaged in improper forum shopping and seeks to deprive Cannon of its right to proceed in Cannon's chosen forum.

4. Fortunately for Cannon, where a "foreign action is pending rather than decided, comity counsels that priority generally goes to the suit filed first." *Basic v. Fitzroy Eng'g, Ltd.*, 949 F. Supp. 1333, 1340 (N.D. Ill. 1996) (citation and internal quotation marks omitted).

5. In addition to consideration for the first-filed action, the Court analyzes the two-step *Colorado River* doctrine to determine if MacNeil's U.S. action should be dismissed or stayed. *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 96 S.Ct. 1236 (1976). First, the Court must determine whether the U.S. and UK proceedings are parallel. Second, the Court must balance nine considerations, for and against the stay.

6. Here, there can be no dispute that the UK and U.S. actions are parallel. The parties are identical. The parties' respective claims and defenses arise out of the same core operative facts – each party's respective performance under the supply relationship. And, MacNeil uses its claims as its defense to Cannon's UK action.

7. Additionally, each of the nine considerations under the *Colorado River* doctrine favor dismissal or a stay of the U.S. action pending resolution of the UK action.

2

8.　　Consequently, this Court should stay MacNeil's U.S. action and "await the outcome of [the] parallel [first-filed UK] proceedings as a matter of wise judicial administration, giving regard to the conservation of judicial resources and comprehensive disposition of litigation." *Finova Capital Corp. v. Ryan Helicopter U.S.A., Inc.*, 180 F.3d 896, 898 (7th Cir. 1999).

Accordingly, for the reasons set forth herein and in Cannon's Memorandum in Support of this Motion, Cannon respectfully requests that the Court grant this Motion and enter an order dismissing or staying this lawsuit pending resolution of Cannon's first-filed UK lawsuit.

Respectfully submitted,

CANNON AUTOMOTIVE LIMITED.

By: __/s/ John T. Shapiro__
　　　　One of Its Attorneys

William N. Howard
John T. Shapiro
Terrence J. Sheahan
Freeborn & Peters LLP
311 South Wacker Drive, Suite 3000
Chicago, Illinois 60606
(312) 360-6000

Dated: February 20, 2008

#1484434

## CERTIFICATE OF SERVICE

     The undersigned, being one of the attorneys of record in the above cause, certifies that he this day caused a copy of **Cannon's Motion to Dismiss or Stay Proceedings** to be served upon the attorneys listed below via the Northern District of Illinois, Eastern Division, ECF filing system, and as otherwise noted, on this 20th day of February, 2008.

TO:    Robert S. Grabemann
         Timothy M. Schaum
         Daspin & Aument
         227 West Monroe Street
         Suite 3500
         Chicago, IL 60601
         (312) 258-1600
         Fax: (312) 258-1955
         rgrabemann@daspinaument.com

                                                                 /s/ John T. Shapiro