IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MACNEIL AUTOMOTIVE PRODUCTS LIMITED, an Illinois Corporation, ) ) ) ) Plaintiff, ) ) v. ) ) ) CANNON AUTOMOTIVE LIMITED, f/k/a ) CANNON RUBBER LIMITED, ) AUTOMOTIVE DIVISION, ) a United Kingdom Company, ) ) Defendant. ) | No. 08 C 139<br><br>Honorable Joan B. Gottschall<br><br>Magistrate Judge Arlander Keys |

**CANNON'S MOTION TO WITHDRAW MOTION TO DISMISS OR STAY BASED ON THE *COLORADO RIVER* DOCTRINE AND TO READJUST THE DATE FOR CANNON TO ANSWER OR OTHERWISE RESPOND TO THE COMPLAINT**

Cannon Automotive Limited ("Cannon"), by and through its attorneys, Freeborn & Peters LLP, respectfully moves the Court to allow Cannon to withdraw its Motion to Dismiss or Stay based on the *Colorado River* doctrine and to readjust the date for Cannon to answer or otherwise respond to the complaint until after resolution of Cannon's Motion to Dismiss based on *Forum Non Conveniens*. In support thereof, Cannon states:

1. On November 30, 2007, Cannon commenced in the United Kingdom ("UK") an action against MacNeil Automotive Products, Limited ("MacNeil") for payment for more than $600,000.00 (U.S.) worth of automobile floor mats that Cannon delivered in the UK to MacNeil.

2. In response to Cannon's first-filed action, on January 7, 2008, MacNeil filed its Complaint in this Court. (Dkt. No. 1.) The following day, MacNeil filed in this Court a Motion for a Preliminary Injunction to Enjoin Cannon from Pursuing its Claim in the UK. Essentially,

1

MacNeil asked this Court to wrestle from the UK Court jurisdiction over Cannon's claim. (Dkt. No. 6.)

3.  On January 24, 2008, the Court entered a Minute Order permitting Cannon to file on or before February 14, 2008, both its opposition to MacNeil's Motion to Enjoin and its own Motion to Dismiss or Stay MacNeil's U.S. action pending resolution of Cannon's first-filed UK action. (Dkt. No. 12.) The Minute Order also provided that Cannon had ten days after the Court ruled on the parties' respective motions in which to answer or otherwise respond to MacNeil's complaint, if needed. Practically, Cannon would have no need to answer or otherwise respond to MacNeil's complaint if the Court were to grant Cannon's Motion to Dismiss or Stay.

4.  Cannon opposed MacNeil's request for an injunction (Dkt. No. 19) and moved the Court to dismiss or stay MacNeil's U.S. action pursuant to the *Colorado River* doctrine (Dkt. Nos. 17-18) pending completion of the first-filed UK action.

5.  In the meantime, the parties engaged in similar procedural matters in the UK. Apparently fearful that the UK Court would enjoin it from proceeding in the U.S. with its claims against Cannon and that this Court would grant Cannon's motion to dismiss or stay, MacNeil abruptly changed its strategy. MacNeil agreed in the UK action to the entry of a default judgment against it and withdrew its anti-suit injunction motion here (Dkt. No. 21). MacNeil's stratagem was obvious – to get away from the UK Court and to moot in this Court Cannon's motion to dismiss or stay pursuant to the *Colorado River* doctrine. But, practically, little has changed. MacNeil now opposes enforcement of the UK judgment pending completion of this action, demonstrating that MacNeil's agreement to the entry of a default was nothing more than a further effort at forum-shopping.

6.  On March 12, 2008, the Court entered a Minute Order that stated: "MacNeil's motion to withdraw its motion to enjoin is granted and its motion to enjoin collateral foreign jurisdiction proceeding is moot." (Dkt. No. 23.)

7.  Cannon was to file on April 2, 2008 its reply in support of it motion to dismiss or stay. (Dkt. No. 20.) But, in light of MacNeil's efforts to avoid the UK, it would appear that, technically, no action remains pending there and, therefore, that Cannon's motion to dismiss based on the *Colorado River* doctrine is moot.

8.  Nevertheless, although *Colorado River* may no longer apply, notions of convenience remain and nevertheless require the same outcome. The key evidence and witnesses remain in the UK and the UK is the appropriate forum for resolution of MacNeil's claims. Cannon thus substitutes a Motion to Dismiss based on *Forum Non Conveniens* for its motion to dismiss or stay based on the *Colorado River* doctrine. Cannon has filed contemporaneously with this motion to withdraw and to readjust the date for submitting its answer or other response to MacNeil's complaint its Motion to Dismiss based on *Forum Non Conveniens*.

WHEREFORE, for the forgoing reasons, Defendant Cannon Automotive Limited respectfully requests that the Court:

1.  Grant this Motion to Withdraw Cannon's Motion to Dismiss or Stay (Dkt. No. 17) and to Readjust the Date for Cannon to Answer or Otherwise Respond to MacNeil's Complaint;

2.  Set a briefing schedule with respect to Cannon's Motion to Dismiss based on *Forum Non Conveniens*, including a date for MacNeil's response, if any, and Cannon's reply in further support of its Motion to Dismiss based on *Forum Non Conveniens*; and

3.   Readjust the date by which Cannon is to answer or otherwise respond to MacNeil's complaint, if such an answer or other response becomes necessary, until 10 court days (*i.e.*, excluding weekends and Court holidays) after the Court rules on Cannon's Motion to Dismiss based on *Forum Non Conveniens*.

Respectfully submitted,

CANNON AUTOMOTIVE LIMITED.

By: /s/ Terrence J. Sheahan
One of Its Attorneys

William N. Howard
John T. Shapiro
Terrence J. Sheahan
Freeborn & Peters LLP
311 South Wacker Drive, Suite 3000
Chicago, Illinois 60606
(312) 360-6000

Dated: April 2, 2008
#1517677