IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MACNEIL AUTOMOTIVE PRODUCTS LIMITED, an Illinois Corporation,<br><br>Plaintiff,<br><br>v.<br><br>CANNON AUTOMOTIVE LIMITED, f/k/a CANNON RUBBER LIMITED, AUTOMOTIVE DIVISION, a United Kingdom Company,<br><br>Defendant. | No. 08 C 139<br><br>Honorable Joan B. Gottschall<br><br>Magistrate Judge Arlander Keys |

## CANNON'S MOTION TO DISMISS PURSUANT TO *FORUM NON CONVENIENS*

Defendant, Cannon Automotive Limited ("Cannon"), by and through its attorneys, Freeborn & Peters LLP, hereby moves to dismiss this lawsuit based upon the doctrine of *forum non conveniens*. In support of this Motion, Cannon submits its accompanying Memorandum in Support and the declarations of Robert Peacock, among other materials, which are incorporated herein by reference, and states as follows:

1. On November 30, 2007, Cannon, a United Kingdom ("UK") company located in London, England, commenced in the UK an action against MacNeil Automotive Products, Limited ("MacNeil") for breach of the parties' supply agreement. Cannot sought from MacNeil payment for more than $600,000.00 (U.S.) worth of automobile floor mats that Cannon delivered in the UK to MacNeil.

2. In response, on January 7, 2008, MacNeil filed its Complaint in this Court and sought to enjoin Cannon from proceeding with its first-filed UK action. MacNeil has engaged in chess-game like legal maneuvering in this Court and in the UK Court in an effort to avoid having

to litigate against Cannon in the UK. Although MacNeil has since agreed in the UK proceeding to entry of a default judgment against it, MacNeil has now announced that it will oppose enforcement of the UK judgment and resist paying to Cannon the undisputed amounts owed for the unpaid invoices until its claims against Cannon are resolved. In other words, the dispute underlying the UK action lives on.

3.  MacNeil's stratagem is to no avail. As explained more fully in Cannon's accompanying Memorandum, the UK provides the more convenient forum for resolution of MacNeil's claims against Cannon regardless of MacNeil's maneuvers. The Court thus should dismiss MacNeil's lawsuit based on *forum non conveniens*.

4.  MacNeil's claims arise out of the parties' long-term supply relationship that was solicited by MacNeil, and fully performed, in the UK. And, each claim that MacNeil asserts against Cannon is based on the core contention that Cannon made, and sold to MacNeil, defective product. Thus, resolution of MacNeil's defective product complaint allegations may involve evidence that is uniquely located in the UK, including: (i) product design (some of which are Cannon's); (ii) Cannon's manufacturing lines; (iii) Cannon's manufacturing processes; (iv) Cannon's manufacturing equipment and tooling; (v) Cannon's testing and testing protocols; and (vi) the product itself, which MacNeil took delivery of in the UK. And, the Cannon witnesses who may testify to those issues also are located in the UK.

5.  The UK provides MacNeil with an appropriate and adequate forum in which to pursue its claims against Cannon. The parties are amenable to process in the UK and MacNeil has available to it in the UK breach of contract, warranty and fraud claims against Cannon. *See, e.g., In re Bridgestone/Firestone, Inc.*, 420 F. 3d 702, 704 (7th Cir. 2005); *Kamel v. Hill-Rom Co., Inc.*, 108 F.3d 799, 802 (7th Cir. 1997). Given the similarities between the U.S. and UK

court systems, U.S. courts have long-held that the UK provides a fair and appropriate forum for resolution of disputes involving a U.S.-located party.

6. A balance of private and public interest factors also points to the UK as the appropriate and most convenient forum for resolution of the parties' disputes. The evidence and witnesses needed to resolve MacNeil's product defect claims are located in the UK. And, given the UK-centered supply relationship, UK law governs this dispute. There is no reason to burden this Court, or a U.S. jury, with defective product claims that arose in the UK out of a UK-centered supply relationship that will be determined under UK law. In contrast, the UK has a significant interest in ensuring that its laws are accurately interpreted and applied – a task that is most easily left to a UK court.

7. In short, the UK affords MacNeil with an adequate, appropriate and convenient forum in which to air and resolve its complaints against Cannon. Consequently, this Court should dismiss this lawsuit based on the doctrine of *forum non conveniens*.

WHEREFORE, for the reasons set forth herein and in Cannon's Memorandum in Support of this Motion, Cannon respectfully requests that the Court grant this Motion and enter an order dismissing MacNeil's complaint based on *forum non conveniens*.

Respectfully submitted,

CANNON AUTOMOTIVE LIMITED

By:   /s/ Terrence J. Sheahan
      One of Its Attorneys

William N. Howard
John T. Shapiro
Terrence J. Sheahan
Freeborn & Peters LLP
311 South Wacker Drive, Suite 3000
Chicago, Illinois 60606
(312) 360-6000
Dated: April 2, 2008
#1518459