UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| M<small>AC</small>NEIL AUTOMOTIVE PRODUCTS, LIMITED, an Illinois Corporation, ) ) ) | |
| Plaintiff, ) | No. 08 C 139 |
| v. ) ) | Judge Joan B. Gottschall |
| CANNON AUTOMOTIVE LIMITED, f/k/a CANNON RUBBER LIMITED, AUTOMOTIVE DIVISION, a United Kingdom Company, ) ) ) ) | |
| Defendant. ) | |

## **MEMORANDUM OPINION & ORDER**

This case arises from defendant Cannon Automotive Limited's ("Cannon") supply of allegedly defective automobile floor mats to MacNeil Automotive Products, Limited ("MacNeil"), which contracted to supply those mats to automakers Hyundai and BMW. According to MacNeil, Cannon supplied floor mats in which the carpet portion and the rubber portion of the mats did not properly adhere. MacNeil asserts eight causes of action, including breach of contract, breach of warranties, consumer fraud, and conversion. This case is presently before the court on two matters. The first matter is Cannon's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) or, alternatively, for a more definite statement.[1] Second, the court considers the magistrate judge's report and recommendation denying Cannon's motion to dismiss for MacNeil's alleged spoliation of evidence.

---

[1] While Cannon's motion appears to be double-spaced, both its memorandum in support of its motion and its reply have significantly tighter line spacing. All future filings by either party must conform to relevant local rules, including Local Rule 5.2(c), which requires that all papers filed with the court have line spacing of at least 2.0 lines. *See* L.R. 5.2(c).

## I. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows a defendant to seek dismissal of a complaint that fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In deciding a Rule 12(b)(6) motion, the court must "construe the complaint in the light most favorable to the plaintiff, accepting as true all well-pleaded facts alleged, and drawing all possible inferences in [the plaintiff's] favor." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008). Legal conclusions, however, are not entitled to any assumption of truth. *Ashcroft v. Iqbal*, 556 U.S. ----, 129 S. Ct. 1937, 1949 (2009). A plaintiff generally need not plead particularized facts; Federal Rule of Civil Procedure 8(a)(2) requires that the complaint set forth only "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Still, the factual allegations in the complaint must be sufficient to "state a claim to relief that is plausible on its face . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

The Seventh Circuit has summarized the requirements of *Twombly*, *Iqbal*, and other recent precedent as follows:

> First, a plaintiff must provide notice to defendants of her claims. Second, courts must accept a plaintiff's factual allegations as true, but some factual allegations will be so sketchy or implausible that they fail to provide sufficient notice to defendants of the plaintiff's claim. Third, in considering the plaintiff's factual allegations, courts should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements.

*Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). As the Seventh Circuit has recently reiterated, a Rule 12(b)(6) motion generally cannot be based on matters outside the complaint; instead, the court can construe such a motion as one for summary judgment. *See Miller v. Herman*, No. 08-3093, --- F.3d ----, 2010 WL 1068227, at *5 (7th Cir. Mar. 25, 2010).

In addition to moving pursuant to Rule 12(b)(6), Cannon alternatively seeks a more definite statement regarding certain matters. Rule 12(e) states, "A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). "Motions for a more definite statement should not be used to gain additional information, but, particularly in light of our liberal notice pleading requirement, should be granted only when the pleading is so unintelligible that the movant cannot draft a responsive pleading." *Kingsbury Int'l, Ltd. v. Trade The News, Inc.*, No. 08 C 3110, 2008 WL 4853615, at *2 (N.D. Ill. Oct. 28, 2008) (citations and internal quotation marks omitted).

## II. ANALYSIS

Cannon seeks dismissal of each of the eight counts of MacNeil's complaint.

### A. Breach of Contract

Cannon seeks dismissal of Count I, MacNeil's breach of contract claim. Specifically, Cannon asserts that MacNeil's allegations are skeletal and muddied with legal conclusions and therefore fail to provide sufficient notice to defendant of MacNeil's claims.

This argument is meritless. MacNeil alleges that it and Cannon entered into two contracts by which Cannon agreed to supply floor mats to MacNeil so that MacNeil could supply those floor mats to Hyundai and BMW, and that Cannon breached the contracts by delivering defective floor mats and by failing to deliver adequate floor mats on a timely basis. (Compl. ¶¶ 7-9, 39, 41.) MacNeil further alleges: when the parties entered into the oral contracts at issue; in what way the supplied floor mats were defective; and

which Cannon representatives dealt with MacNeil. While Cannon lists a litany of questions that are not answered by the complaint, notice pleading does not require in-depth factual detail. MacNeil's allegations are sufficient to put Cannon on notice of the claim. For the same reasons, Cannon's alternative motion for a more definite statement is denied; MacNeil's Count I is not so "vague or ambiguous that [Cannon] cannot reasonably be required to frame a responsive pleading." Fed. R. Civ. P. 12(e).

Cannon next argues that MacNeil has pled itself out of court by conceding that it has not paid for some floor mats, *see id.* ¶¶ 48, 49, which is inconsistent with MacNeil's earlier allegation that it fulfilled all terms of the contract, as required under Illinois law. *See Indus. Hard Chrome, Ltd. v. Hetran, Inc.*, 64 F. Supp. 2d 741, 745 (N.D. Ill. 1999).[2] In briefing, MacNeil maintains that its allegations regarding nonpayment to Cannon pertain to a different set of floor mats, which were supplied by Cannon after the floor mats at issue in MacNeil's breach of contract claim. MacNeil may be correct, but its complaint does not adequately differentiate between the different sets of floor mats it describes in its briefs. Because this issue may be clarified on re-pleading, Count I is dismissed without prejudice.

**B.    Declaratory Judgment**

In Count II, MacNeil requests a declaratory judgment that it is not obligated to pay Cannon for certain outstanding invoices related to Cannon's supply of floor mats. MacNeil alleges that "a dispute exists regarding whether MacNeil is obligated to pay

---

[2]    MacNeil attaches to its response to Cannon's motion an affidavit which it cites in support of its arguments. That affidavit was not attached to the complaint, and is not referenced therein. Consideration of matters outside the pleadings is generally improper on a Rule 12(b)(6) motion to dismiss, *see Miller*, 2010 WL 1068227, at *5, and MacNeil does not indicate why this case is exceptional. The court therefore has not considered that affidavit in resolving the instant motion.

Cannon for certain outstanding invoices relating to Cannon's supply to MacNeil of floor mats . . . ." (Compl. ¶ 48.) Cannon seeks dismissal on the ground that no case or controversy exists on which to base this claim. Specifically, Cannon claims that this issue was already litigated before a court in the United Kingdom, which entered a default judgment against MacNeil; Cannon attaches a copy of the British judgment to its motion. MacNeil does not dispute that the issue was already litigated in the United Kingdom, but rather argues that it need not pay the amount of the British judgment because it is entitled to set off any amounts that Cannon owes it against the amount of the judgment entered by the British court.

Cannon's motion relies on matters outside the complaint, namely, the foreign judgment. Such reliance is generally improper on a motion to dismiss pursuant to Rule 12(b)(6). *See Miller*, 2010 WL 1068227, at *5. However, an exception to the general rule allows the court to consider public records, including foreign judgments, in the context of a Rule 12(b)(6) motion. *Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994); *see also Gabbanelli Accordions & Imports, L.L.C. v. Ditta Gabbanelli Ubaldo di Elio Gabbanelli*, 575 F.3d 693, 696 (7th Cir. 2009) (stating that judicial notice of a foreign judgment is permissible). Even so, Cannon's motion fails because Cannon fails to analyze the applicability of the "case or controversy" requirement to the facts of this case.

For a case or controversy to exist, the matter before the court must be susceptible to an order "of specific relief . . . of a conclusive character . . . ." *Preiser v. Newkirk*, 422 U.S. 395, 401 (1975) (internal citations and quotation marks omitted). Cannon does not discuss this standard or explain why an order providing that MacNeil does not owe the

5

amounts under the invoices due to the setoff (or, for that matter, a determination that MacNeil does owe those amounts) would not provide specific, conclusive relief. The parties' filings in this case make clear that, as a practical matter, there is a very real controversy between MacNeil and Cannon regarding whether MacNeil is obligated to pay Cannon based on the foreign judgment, given that MacNeil contends it is entitled to set off amounts Cannon owes to it against any payments it owes to Cannon. Moreover, it does not appear that the setoff issue has been litigated either in the British court or in the Circuit Court of DuPage County, where Cannon registered the foreign judgment. The court denies Cannon's motion to dismiss with respect to Count II.

**C.     Promissory Estoppel**

In Count III, MacNeil brings a claim against Cannon for promissory estoppel. Cannon moves for dismissal of Count III on the ground that MacNeil's promissory estoppel and contract claims cannot coexist. MacNeil incorporates its breach of contract allegations, which include the allegation that valid contracts exist between the parties, *see* Compl. ¶ 39, into its promissory estoppel claim. (*Id.* ¶ 52.) However, a promissory estoppel claim is premised on the non-existence of a contract. *See All-Tech Telecomm., Inc. v. Amway Corp.*, 173 F.3d 862, 869 (7th Cir. 1999). MacNeil offers to re-plead to remove this incorporation, and Cannon, in its reply, does not oppose such leave. Both parties therefore agree to re-pleading, but neither party answers the question of whether alternatively pled contract and promissory estoppel claims can coexist. Amendments should not be allowed when amending would be futile, *see Chavez v. Ill. State Police*, 251 F.3d 612, 632 (7th Cir. 2001), and so the court must determine whether MacNeil can plead its Counts I and III in the alternative.

6

The Seventh Circuit has held that where the court finds that an express contract governs the parties' relationship, promissory estoppel is not properly invoked. *See All-Tech Telecomm.*, 173 F.3d at 869; *see also Dumas v. Infinity Broadcasting Corp.*, 416 F.3d 671, 676 (7th Cir. 2005). However, the Seventh Circuit has also stated that "a party is allowed to plead breach of contract, or if the court finds no contract was formed, to plead for quasi-contractual relief in the alternative." *Cromeens, Holloman, Sibert, Inc. v. AB Volvo*, 349 F.3d 376, 397 (7th Cir. 2003) (interpreting Illinois law). Relying on *Cromeens*, courts in this district have held that, so long as the existence and validity of a contact remain in dispute, quasi-contractual claims, such as promissory estoppel, may still be pled as alternatives. *See Canadian Pac. Ry. Co. v. Williams-Hayward Protective Coatings, Inc.*, No. 02 C 8800, 2005 WL 782698, at *16 (N.D. Ill. Apr. 6, 2005) (citing *Cromeens* and Illinois law); *see also Shair v. Qatar Islamic Bank*, No. 08 C 1060, 2009 WL 691249, at *4 (N.D. Ill. Mar. 16, 2009). These holdings are consistent with Federal Rule of Civil Procedure 8(d), which allows a plaintiff to plead alternative and even inconsistent theories. Fed. R. Civ. P. 8(d)(2) & (3).

Here, the court has not made any findings regarding the existence or validity of any contract between MacNeil and Cannon, and Cannon questions whether any contract existed, as is evident from its argument in response to MacNeil's breach of contract claims. Moreover, MacNeil's allegations center on an oral agreement, rather than a readily identifiable written contract. (Compl. ¶ 39.) Because the existence of a contract between MacNeil and Cannon is still in dispute, MacNeil's contract and promissory estoppel claims can coexist. Amendment of MacNeil's Count III would therefore not be futile, and MacNeil is granted leave to re-plead in a manner consistent with this opinion.

7

**D.     Consumer Fraud**

In Count IV, MacNeil brings a claim for violations of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 Ill. Comp. Stat. 505/1 *et seq.* (the "Consumer Fraud Act"). Cannon seeks dismissal of Count IV, asserting that MacNeil lacks standing to bring a claim under the Consumer Fraud Act, and that MacNeil fails to adequately plead fraud. Any "person," including a corporation, may bring an action for damages suffered as a result of any violation of the Consumer Fraud Act. 815 Ill. Comp. Stat. 505/10a. However, courts have interpreted this cause of action to confer standing on only two groups of "person[s]," namely, "consumers" and persons who, although non-consumers, have suffered damages resulting from conduct that is either directed toward the market or otherwise implicates consumer protection concerns. *See Athey Prods. Corp. v. Harris Bank Roselle*, 89 F.3d 430, 436-37 (7th Cir. 1996).

A business purchaser, particularly one that resells the products in question, is not a consumer. *Williams Elecs. Games, Inc. v. Garrity*, 366 F.3d 569, 579 (7th Cir. 2004) (holding that a "business purchaser is not a consumer"); *see also* 815 Ill. Comp. Stat. 505/1(e) (defining "consumer" as "any person who purchases or contracts for the purchase of merchandise not for resale . . ."). MacNeil sought to resell the floor mats to carmakers and thus is not a consumer. Therefore, MacNeil can state a claim under the Consumer Fraud Act only if it can allege that Cannon's conduct either was directed toward the market or gave rise to consumer protection concerns. MacNeil does not allege that any of Cannon's conduct was directed toward the market, or toward Hyundai or BMW specifically; rather, MacNeil alleges that Cannon's conduct was directed toward it.

Conduct directed only at the non-consumer plaintiff is not directed toward the market generally. *Bank One Milwaukee v. Sanchez*, 783 N.E.2d 217, 221 (Ill. App. Ct. 2003).

The remaining question is whether Cannon's conduct implicates consumer protection concerns. Illinois courts have noted that the parameters of conduct implicating consumer protection concerns are not clearly defined. *Id.* However, courts have found that conduct that would confuse or deceive consumers implicates consumer protection concerns. For example, the distribution of misleading pamphlets to consumers about a particular business implicates consumer protection concerns, *see Downers Grove Volkswagen, Inc. v. Wigglesworth Imports, Inc.*, 546 N.E.2d 33, 35-36, 41 (Ill. App. Ct. 1989), as does the publishing of "sham reviews" of the business. *Zinser v. Rose*, 614 N.E.2d 1259, 1263 (Ill. App. Ct. 1993). Similarly, courts in this district interpreting the Consumer Fraud Act have found that conduct that "will confuse and deceive the ultimate consumer" implicates consumer protection concerns. *Stunfence, Inc. v. Gallagher Sec. (USA), Inc.*, No. 01 C 9627, 2002 WL 1838128, at *6 (N.D. Ill. Aug. 12, 2002); *Vulcan Gulf, LLC v. Google, Inc.*, 552 F. Supp. 2d 752, 777 (N.D. Ill. 2008).

MacNeil does not allege any conduct that would confuse or deceive consumers, but instead alleges that Cannon's defective floor mats harmed consumers. (Compl. ¶ 62.) The Seventh Circuit has noted that, for a non-consumer to have standing under the Consumer Fraud Act based on harm to consumers, the complained-of conduct must "be of sufficient magnitude to be likely to affect the market generally . . . ." *Williams Elecs. Games*, 366 F.3d at 579. Based on MacNeil's allegations, the court cannot conclude that Cannon's alleged conduct was of sufficient magnitude to affect the market, and thus cannot conclude that MacNeil has standing under the Consumer Fraud Act.

MacNeil has also failed to satisfactorily plead "unfair and deceptive acts and practices." Claims based on deceptive practices under the Consumer Fraud Act sound in fraud and so, when brought in federal court, must be pled with particularity. *See* Fed. R. Civ. P. 9(b); *see also Davis v. G.N. Mortgage Corp.*, 396 F.3d 869, 883 (7th Cir. 2005); *DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990) (noting that Rule 9(b) requires that a plaintiff alleging fraud allege "the who, what, when, where, and how" of the fraud).[3] MacNeil states generally that "Cannon has made false statements and misrepresentations," Compl. ¶ 59(a), but does not identify which statements made by Cannon were false, when Cannon made those statements, or who at Cannon made those statements. This general allegation fails to satisfy Rule 9(b)'s particularity requirements.

MacNeil requests leave to re-plead, but has not identified any specific facts that it would re-plead to cure the deficiencies of its current complaint, namely, MacNeil's standing to bring an action under the Consumer Fraud Act, and the particularity of Cannon's alleged fraud. Moreover, the original complaint does not contain any allegations which, re-framed by MacNeil, would plausibly suggest fraud. MacNeil's Consumer Fraud Act claim is dismissed.

**E.   Warranty Claims**

In Counts V through VII, MacNeil alleges that Cannon breached express and implied warranties. Cannon seeks dismissal of all three counts on the ground that

---

[3]   The Seventh Circuit has held that unfair practices under the Consumer Fraud Act, alleged alone, need only be pled in accordance with Rule 8(a)'s notice pleading standard. *Windy City Metal Fabricators & Supply, Inc. v. CIT Tech. Fin. Servs., Inc.*, 536 F.3d 663, 670 (7th Cir. 2008). Here, however, MacNeil alleges acts and practices that are "unfair and deceptive," the latter of which indicates fraud and so must be pled with particularity. (Compl. ¶¶ 60-62.)

10

MacNeil fails adequately to allege that it gave Cannon notice of the alleged breaches. Cannon also seeks dismissal of each count individually.

    1.    <u>Notice</u>

"In general, buyers such as the instant plaintiff[] must directly notify the seller of the troublesome nature of the transaction or be barred from recovering for a breach of warranty." *Connick v. Suzuki Motor Co.*, 675 N.E.2d 584, 589 (Ill. 1996). The notice need not "list specific claims of breach of warranty," but must be sufficiently particular to apprise the seller of problems associated with the particular product at issue. *Id.* The buyer need not notify the seller of the breach when the seller has actual knowledge of the deficiency of the particular product. *Id.* In support of its assertion that Cannon had actual knowledge of the problems with the floor mats, MacNeil alleges that Cannon visited MacNeil's facility in Illinois on three occasions regarding the subject floor mats. (Compl. ¶¶ 15, 20, 23.) Cannon asserts that even if it visited MacNeil, the visits did not sufficiently apprise it of the particular products that MacNeil alleges were in breach. Significantly, MacNeil alleges that, during the first visit, "Cannon promised that it would rectify the problems" with the subject floor mats. (*Id.* ¶ 15.) A plausible inference from these allegations is that Cannon knew of the alleged breaches of warranty; presumably Cannon would not, after visiting MacNeil's offices, promise that it would rectify any problems of which it did not have notice or actual knowledge. Cannon's argument that MacNeil fails to allege that it gave notice of the alleged breaches of warranty is therefore rejected.

2. <u>Breach of Express Warranty</u>

Cannon argues that MacNeil's claim for breach of express warranty also fails because MacNeil has failed to allege that an express warranty existed. MacNeil alleges that Cannon assured MacNeil "that Cannon could manufacture a quality mat with carpet that properly adhered to the mat, that Cannon's mats would meet MacNeil's and Hyundai's expectations of quality, and that Cannon's mats would be suitable for their purposes." (*Id.* ¶ 7.)

"[T]o be actionable under the theory of express warranty the claim must be based on an affirmation of fact or promise which is not a statement representing the seller's opinion or commendation of the goods and which is false." *Weiss v. Rockwell Mfg. Co.*, 293 N.E.2d 375, 381 (Ill. App. Ct. 1973); *see also* 810 Ill. Comp. Stat. 5/2-313. An Illinois appellate court has stated that, to constitute warranties, the representations in question "must be affirmations of fact or promises which related to the goods and became part of the basis of the bargain, or descriptions of the goods which were made part of the basis of the bargain." *Redmac, Inc. v. Computerland of Peoria*, 489 N.E.2d 380, 382 (Ill. App. Ct. 1986). The Seventh Circuit has instructed that the "decisive test" in determining whether a representation is a warranty or merely an opinion "is whether the seller asserts a fact of which the buyer is ignorant . . . ." *Royal Bus. Mach., Inc. v. Lorraine Corp.*, 633 F.2d 34, 41, 45 (7th Cir. 1980). Reading these cases together, to be a warranty, a representation must be (1) regarding a fact (that is, something that can be proven false); (2) of which the buyer is ignorant; and (3) that becomes part of the parties' bargain.

Case law further illustrates the line between opinion and fact. One Illinois appellate court found that the seller's statement "that their explosive was of good quality,

that good results would be obtained and he would be pleased with the breakage and the whole operation" was "sales talk" and not a warranty. *See Olin Mathieson Chem. Corp. v. Moushon*, 235 N.E.2d 263, 264 (Ill. App. Ct. 1968). The Seventh Circuit, interpreting the identical provision of Indiana's adoption of the Uniform Commercial Code, held that a seller's representations that a machine was "high quality" with "very low" repair rates were non-warranty opinions. *Royal Bus. Mach.*, 633 F.2d at 41, 45. By contrast, an Illinois appellate court held that statements that a product would be "free of defects" and would "work for a reasonable period of time" were more specific factual representations, and therefore warranties. *Redmac*, 489 N.E.2d at 383.

Based on this authority, Cannon's alleged representations that the floor mats would be "quality mat[s]," "would meet . . . expectations of quality," and "would be suitable for their purposes" are not warranties. These vague representations do not assert specific facts of which MacNeil was ignorant, and do not appear to have been bargained for as part of Cannon and MacNeil's negotiations. However, Cannon's alleged representation that the mats would have "carpet that properly adhered to the mat" is more specific. The complaint suggests that Cannon was aware of the manner in which the carpet would adhere to the mat, and that MacNeil was ignorant in that respect. Moreover, according to the complaint, MacNeil was concerned about the mats' adhesiveness, given previous problems with Cannon, and Cannon made specific representations to MacNeil in response to that concern. In this sense, the adhesiveness of the carpet to the mat allegedly became part of the bargain between Cannon and MacNeil. *Redmac*, 489 N.E.2d at 382. Cannon's motion to dismiss MacNeil's Count V is therefore granted in part, but denied as to Cannon's specific alleged representation regarding the carpet-mat adhesion.

13

### 3. Breach of Implied Warranty of Merchantability

In Count VI, MacNeil alleges that Cannon's sale of the subject mats breached the implied warranty of merchantability. Cannon asserts that MacNeil has failed to allege that the subject mats were defective when they left Cannon's control. Cannon is correct that whether the mats were defective when they left its control is an element of MacNeil's claim. *See Oggi Trattoria & Caffe, Ltd. v. Isuzu Motors Am., Inc.*, 865 N.E.2d 334, 341 (Ill. App. Ct. 2007). However, plaintiff's allegations need give only reasonable notice to the defendant of the nature of plaintiff's cause of action, and, assumed to be true, need demonstrate only that the plaintiff is entitled to relief. *See Brooks*, 578 F.3d at 581; *see also Killingsworth v. HSBC Bank Nev., N.A.*, 507 F.3d 614, 618-19 (7th Cir. 2007). Turning to the factual allegations of the complaint, MacNeil alleges that it "received the first shipment of . . . mats from Cannon" and that "[u]pon inspection of the first crate of mats, MacNeil found that over 87% of the mats showed major flaws in carpet adhesion and cracked corners in the rubber." (Compl. ¶ 9.) A plausible inference from this allegation, taken to be true, is that the subject mats were defective when they left Cannon's control. MacNeil does not allege any facts suggesting that the mats were altered after leaving Cannon's possession, or that they passed through a third party's possession before being delivered to MacNeil. MacNeil has therefore adequately alleged that the mats were defective at the time they left Cannon's control. Cannon's motion to dismiss Count VI is denied.[4]

---

[4] Cannon also urges in passing that the court should require a more definite statement on MacNeil's Count VI, but does not identify what allegations in Count VI are too ambiguous for Cannon to answer. Cannon's alternative motion for a more definite statement on Count VI is denied.

### 4. Breach of Implied Warranty of Fitness for a Particular Purpose

Cannon also seeks dismissal of Count VII, in which MacNeil alleges that the subject mats breached the implied warranty of fitness for a particular purpose. The Illinois version of the Uniform Commercial Code states:

> Where the seller at the time of contracting has reason to know any particular purpose for which the goods are required and that the buyer is relying on the seller's skill or judgment to select or furnish suitable goods, there is . . . an implied warranty that the goods shall be fit for such purpose.

810 Ill. Comp. Stat. § 5/2-315. As an Illinois appellate court has stated, the above-quoted section "imposes two requirements: first, that the seller know of the particular purpose for which the goods are required, and second, that the buyer rely on [the] seller's skill or judgment in selecting the product." *Siemen v. Alden*, 341 N.E.2d 713, 716 (Ill. App. Ct. 1975). Cannon does not deny that MacNeil's complaint satisfies the first requirement, but argues that MacNeil does not allege facts suggesting that it relied on Cannon's judgment in selecting the floor mats. MacNeil alleges that Cannon made certain representations regarding the adhesiveness of the subject mats, and that MacNeil was eventually dissatisfied with the mats' adhesiveness. (*Id.* ¶¶ 9, 18.) These allegations suggest that MacNeil relied on Cannon's skill and judgment in this respect. Cannon's motion to dismiss Count VII is denied.

### F. Conversion

Finally, Cannon seeks dismissal of Count VIII, in which MacNeil brings a claim for conversion. Ultimately, a plaintiff must prove: "(1) his right to the property; (2) that this right includes the absolute, unconditional right to immediate possession of the property; (3) he has demanded possession of the property; and (4) the defendant took control or claimed ownership of the property wrongfully and without authorization."

15

*Edwards v. City of Chi.*, 905 N.E.2d 897, 899-900 (Ill. App. Ct. 2009). "The essence of conversion is the wrongful deprivation of one who has a right to the immediate possession of the object unlawfully held." *Horbach v. Maczemarek*, 288 F.3d 969, 978 (7th Cir. 2002) (citing Illinois law) (internal quotation marks omitted).

MacNeil alleges that it sent Cannon "compression mold sets," which worked like "waffle iron[s]" to mold the floor mats that Cannon manufactured. (Compl. ¶ 8.) MacNeil also alleges that it had an "immediate" right to the return of the sets, that it demanded the return of the sets, but that Cannon refused. (*See id.* ¶¶ 77-79.) MacNeil's allegations do not explicitly state that its right to possession was absolute and unconditional. However, formulaic recitations of the elements of a cause of action are not necessary, or, for that matter, sufficient, *see Reger Dev., LLC v. Nat'l City Bank*, 592 F.3d 759, 763 (7th Cir. 2010), and MacNeil's allegations plausibly suggest that its right to repossession of the sets was absolute and unconditional. Moreover, while MacNeil does not specifically allege that Cannon's conduct in declining to return the mold sets was wrongful, the court can infer as much from MacNeil's allegation that it had an immediate right to possession of the sets, that it requested the return of the sets, and that Cannon declined to return the mold sets. Cannon's motion to dismiss is denied with respect to Count VIII.[5]

---

[5] Cannon urges with regard to Count VIII, as it did with regard to Count VI, that MacNeil should be required to plead a more definite statement of its claim. The court has found that MacNeil sufficiently alleges a claim for conversion, and Cannon does not identify any allegations that are so vague or ambiguous that Cannon cannot file a responsive pleading. Cannon's alternative motion for a more definite statement is denied with respect to Count VIII.

G.  **Spoliation of Evidence**

After filing its Rule 12(b)(6) motion, Cannon filed an additional motion to dismiss based on MacNeil's destruction of the majority of the floor mats at issue in this case.  (*See* Doc. No. 91.)  On April 15, 2010, the magistrate judge, to whom this matter was referred for purposes of discovery supervision, issued a report and recommendation, recommending the denial of the later motion to dismiss.  (*See* Doc. No. 147.)  The parties filed no objections to the report and recommendation within the fourteen days permitted by rule.  *See* Fed. R. Civ. P. 72(b)(2).  Without objections, this court reviews the report and recommendation for clear error.  *See Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999).

Cannon sought dismissal of the complaint as a discovery sanction.  *See* Fed. R. Civ. P. 37(c).  The Seventh Circuit has instructed that sanctions for spoliation are improper unless, *inter alia*, the party to be sanctioned destroyed the evidence at issue in bad faith and knew or should have known that litigation was imminent.  *See Trask-Morton v. Motel 6 Operating L.P.*, 534 F.3d 672, 681 (7th Cir. 2008).

In this case, the magistrate judge found that there was no evidence that MacNeil destroyed the subject floor mats in bad faith; rather, the only evidence suggested that MacNeil destroyed the subject floor mats due to insufficient storage space.  (*See* Doc. No. 147, at 11.)  The court also found that MacNeil did not know and should not have known that litigation was likely when it destroyed the mats, because the parties had resolved their previous business disputes short of litigation.  (*Id.* at 9-10.)  Finally, the court found that Cannon was not prejudiced by MacNeil's failure to preserve all of the mats because MacNeil preserved some mats that it contends are representative of those

destroyed, and because photographs show the state of the destroyed floor mats. This court finds no clear error in the magistrate judge's report and recommendation, and consequently adopts it. Cannon's motion to dismiss or, alternatively, to strike MacNeil's *ad damnum* clause is denied.

### III. CONCLUSION

For the reasons stated above, Cannon's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is granted in part, and Cannon's motion to dismiss or, alternatively, to strike MacNeil's *ad damnum* clause based on spoliation of evidence is denied. MacNeil is granted fourteen days to file an amended complaint consistent with this opinion.

ENTER:

/s/
JOAN B. GOTTSCHALL
United States District Judge

DATED: May 25, 2010