# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| MACNEIL AUTOMOTIVE PRODUCTS, LIMITED, an Illinois Corporation, | ) ) ) | |
| Plaintiff, | ) | No. 08 C 139 |
| v. | ) ) | Judge Joan B. Gottschall |
| CANNON AUTOMOTIVE LIMITED, f/k/a CANNON RUBBER LIMITED, AUTOMOTIVE DIVISION, a United Kingdom Company, | ) ) ) ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION & ORDER

Before the court are MacNeil Automotive Products, Limited's ("MacNeil's") motions for sanctions pursuant to the court's inherent authority and for judgment on the pleadings with regard to its conversion count.[1]

## I. BACKGROUND

MacNeil brought this action alleging, *inter alia*, conversion after Cannon Automotive Limited ("Cannon") allegedly failed to return certain compression mold sets. For a more complete recitation of the underlying facts and history of the case, see the court's prior opinion. *See MacNeil Auto. Products Ltd. v. Cannon Auto. Ltd.*, No. 08 C 139, 2010 U.S. Dist. LEXIS 61001, at *1-6 (N.D. Ill. Apr. 15, 2010).

## II. ANALYSIS

### A. MacNeil's Motion for Judgment on the Pleadings as to its Conversion Count

MacNeil argues that it is entitled to judgment on the pleadings as to its conversion count because Cannon has conceded each of the required elements a plaintiff must show

---

[1] MacNeil's counsel has advised the court that it has withdrawn an earlier version of its motions for judgment on the pleadings and for sanctions, which is listed as ECF No. 166.

to prove conversion under Illinois law. (*See generally* Mot. for J. on the Pleadings.)

1.  Legal Standard

Judgment on the pleadings is only proper where the moving party has clearly established that there are no unresolved material issues of fact and s/he is entitled to judgment as a matter of law. *Nat'l Fidelity Life Ins. Co. v. Karaganis*, 811 F.2d 357, 358 (7th Cir. 1987). The court "must view the facts in the light most favorable to the nonmoving party," but "is not bound by the nonmoving party's legal characterizations of the facts." *Id.* "The court may consider only matters presented in the pleadings," *id.*, which "include the complaint, the answer, and any written instruments attached as exhibits." *N. Ind. Gun & Outdoor Shows, Inc. v. City of South Bend*, 163 F.3d 449, 452 (7th Cir. 1998).

2.  Discussion

In order to prevail on a claim of conversion under Illinois law, a plaintiff must prove: "(1) his right to the property; (2) that this right includes the absolute, unconditional right to immediate possession of the property; (3) he has demanded possession of the property; and (4) the defendant took control or claimed ownership of the property wrongfully and without authorization." *Edwards v. City of Chi.*, 905 N.E.2d 897, 899-900 (Ill. App. Ct. 2009). Cannon has conceded that MacNeil has a right to the compression molds. (Answer to ¶ 72.) In addition, since a complaint alleging conversion satisfies the demand requirement, *see LaParr v. City of Rockford*, 100 F.2d 564, 569 (7th Cir. 1938), Cannon cannot contest that MacNeil demanded possession of the compression molds when it filed its complaint on January 7, 2008.[2] Thus, all that remains to be

---

[2] The court notes that MacNeil may have met the demand requirement earlier than the filing of its complaint. However, since the court may not look outside the pleadings on a motion for judgment on the

decided is whether, viewing the facts in the light most favorable to Cannon, there are genuine issues of material fact as to 1) whether MacNeil had an absolute, unconditional right to immediate possession of the compression molds, and 2) whether Cannon took control or claimed ownership of the compression molds wrongfully and without authorization.

The court will address the latter question first since it is dispositive. In its answer, Cannon denied MacNeil's allegation that "Cannon has wrongfully assumed control of approximately 52 of MacNeil's compression mold tools valued at approximately $2,800,000.00." (Answer to ¶ 71.) Thus, considering only the complaint, the answer, and exhibits to those documents, and viewing the facts in a light most favorable to Cannon – as the court must on a motion for judgment on the pleadings – there is a genuine issue of material fact as to whether Cannon took control or claimed ownership of the compression molds wrongfully and without authorization. Thus, MacNeil's conversion claim cannot be decided on its motion for judgment on the pleadings.

**B.     MacNeil's Motion for Sanctions Against Cannon Pursuant to the Court's Inherent Authority**

MacNeil also seeks sanctions – "pursuant to the court's inherent authority" – against Cannon because, as MacNeil alleges, Cannon has been contesting MacNeil's conversion claim in bad faith. (Mot. for Sanctions at 1 & 8.)

   1.     Legal Standard

A district court has inherent power – which must be used with caution – to impose sanctions "even if procedural rules exist which sanction the same conduct." *Mach v. Will*

---

pleadings, the court cannot ascertain whether MacNeil made a demand for possession of its compression molds at an earlier date.

*County Sheriff*, 580 F.3d 495, 502 (7th Cir. 2009) (*citing Chambers v. NASCO, Inc.*, 501 U.S. 32, 49, 111 S. Ct. 2123, 115 L. Ed. 2d 27 (1991)). "Sanctions meted out pursuant to the court's inherent power are appropriate where the offender has willfully abused the judicial process or otherwise conducted litigation in bad faith." *Salmeron v. Enterprise Recovery Sys., Inc.*, 579 F.3d 787, 793 (7th Cir. 2009). However, "when there is bad-faith conduct in the course of litigation that could be adequately sanctioned under the [Federal Rules of Civil Procedure], the court ordinarily should rely on the Rules rather than the inherent power." *Chambers*, 501 U.S. at 50.

    2.    Discussion

MacNeil complains that Cannon has been contesting MacNeil's conversion claim in bad faith, thereby depriving MacNeil of the use of its compression molds for 3 years and causing MacNeil to incur considerable expense in prosecuting this action. (Mot. for Sanctions at 9.) MacNeil argues that Cannon set forth its factually unsupported defense of MacNeil's conversion claim in several filings. (Mot. for Sanctions at 3.) Because Cannon's conduct of which MacNeil complains – filing papers contesting MacNeil's conversion claim allegedly in bad faith – is conduct specifically addressed under Federal Rule of Civil Procedure 11, the court declines to impose sanctions under its inherent authority and therefore denies MacNeil's motion for sanctions pursuant to the court's inherent authority.

### III.    CONCLUSION

Accordingly, MacNeil's motions for judgment on the pleadings and for sanctions are denied.

ENTER:

　　　　/s/
JOAN B. GOTTSCHALL
United States District Judge

DATED: November 19, 2010