Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan B. Gottschall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 0139 | **DATE** | 11/23/2010 |
| **CASE TITLE** | MacNeil Automotive Products Limited vs. Cannon Automotive Limited | | |

**DOCKET ENTRY TEXT**

Cannon's Objection to Magistrate Judge Keys' Report and Recommendation of September 1, 2010 [209] is overruled. Plaintiff's Motion to Strike Cannon's "Objection" and its Response Thereto [210] is denied as moot.

■[ For further details see text below.]  Docketing to mail notices.

## STATEMENT

Cannon has filed a document entitled "Cannon's Objection to Magistrate Judge Keys' Report and Recommendation of September 1, 2010." (Doc. 209.) Cannon explains that, on Sept. 1, 2010, Judge Keys orally ruled that he intended his Feb. 5, 2010 order that "all objections are hereby waived" to apply to all objections, including privilege. (Cannon's Objection to Mag. J. Keys' Report & Recommendation of Sept. 1, 2010 at 2.) Neither party ever filed any objections to Judge Keys' Feb. 5, 2010 order. Cannon further explains that Judge Keys' Sept. 1, 2010 oral ruling was memorialized in a minute order (Doc. 204) entered on Sept. 3, 2010, but dated Aug. 23, 2010. (*Id.*) Cannon argues that until the later order made clear the scope of the earlier order, it saw no need to file objections. Thus, Cannon argues, its Sept. 15, 2010 objections to the Sept. 1, 2010 order construing the Feb. 5, 2010 order are timely.

Struggling to make sense out of Cannon's not-very-illuminating papers (calling an order a "Report and Recommendation" when it is not one, dating orders differently from how they are dated on the docket), the court agrees with MacNeil that Cannon has its obligations upside down. Cannon's theory that it can disobey an order requiring the production of documents and stating that "All objections are hereby waived," only to object seven months later when what Judge Keys originally had thought was clear enough ("all objections" means *all* objections, including privilege objections) is implausible and inconsistent with the purpose of Federal Rule of Civil Procedure 72. Fed. R. Civ. P. 72(a) (providing with regard to orders on nondispositive matters, "A party may serve and file objections to the order within 14 days after being served with a copy. A party may not assign as error a defect in the order not timely objected to.") ; *Video Views, Inc. v. Studio 21, Ltd., et al.*, 797 F.2d 538, 539 (7th Cir. 1986) ("failure to file objections with the district judge waives the right to appeal all issues, both factual and legal . . . ."); *cf. United States v. Robinson*, 30 F.3d 774, 777 (7th Cir. 1994) (no waiver where appellant's objection was filed only two days late and there was no prejudice to the government.) and *United States v. Raymond*, 228 F.3d 804, 810 (7th Cir. 2000) (no waiver where objection was filed only two days late as a result of party's good faith misunderstanding of the

| STATEMENT |
|---|
| law concerning effective date of filing, the party had met all other deadlines, and there was no prejudice to the opposing party.) It was Cannon's job to insist on whatever clarity it needed in the Feb. 5, 2010 order and to timely object if it desired to do so. It is not entitled to ignore an order and then, seven months later, when Judge Keys has made the scope of that order explicit, revive its right to object. Moreover, this court sees nothing ambiguous in Judge Keys' Feb. 5, 2010 order. Cannon should have objected within fourteen days or, if it were truly confused, immediately requested clarification.<br><br>      Even if this court were inclined to find Cannon's objection timely (which it is not), Cannon's argument that Judge Keys' Feb. 5, 2010 order (construed as was made explicit on Sept. 1, 2010) was clearly erroneous would fail on the merits. Cannon argues that Judge Keys' order was clearly erroneous because: 1) in so ruling, Judge Keys allegedly failed to consider Cannon's response or developments since the entry of his Feb. 5, 2010 order, and 2) waiver of Cannon's attorney-client privilege is too harsh a sanction.[1] (Cannon's Objection to Mag. J. Keys' Report & Recommendation of Sept. 1, 2010 at 3-4.) While Cannon asks this court to reject Judge Keys' order (which it calls a Report and Recommendation), it says nothing from which this court can conclude that Judge Keys was in error. Nothing in Judge Keys' Aug. 23, 2010 minute order suggests that Judge Keys failed to consider Cannon's arguments or developments since his Feb. 5, 2010 ruling in making his Sept. 1, 2010 oral ruling. In addition, this court is satisfied that Judge Keys was justified in ruling that all objections - including privilege objections - were waived. Cannon has failed to show that the order of Judge Keys, either the order of Feb. 5, 2010 or its Sept. 1, 2010 clarification, was clearly erroneous. Thus, Cannon's objection is overruled. |
| 1.    Cannon attaches to its Objection its brief of Aug. 16, 2010, which argues against the enforcement of the Feb. 5, 2010 order. This is an unacceptable means of persuasion. Cannon attempts to put the burden on this court of trying to infer an argument from a brief filed before Judge Keys when the case was in a different posture, and puts the burden on MacNeil of trying to respond to two briefs rather than one. |