UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MACNEIL AUTOMOTIVE PRODUCTS LIMITED, )
)
)
Plaintiff, )
)
v. )
)
CANNON AUTOMOTIVE LIMITED, )
)
Defendant. )

Case No. 08 C 139

Judge Joan B. Gottschall

Magistrate Judge Arlander Keys

**<u>MEMORANDUM OPINION AND ORDER</u>**

On November 2, 2010, this Court issued a Report and Recommendation on MacNeil's motion for entry of a default judgment, which was based on accusations that Cannon intentionally destroyed the relevant manufacturing lines, processes, and manufacturing equipment at its facility in England. The Court recommended that the District Judge deny the motion for default judgment but that she enter a less severe sanction instead. In particular, the Court determined that "an award of attorneys' fees and costs for all discovery matters related to the manufacturing equipment is appropriate from the date of spoliation." November 2, 2010 Report and Recommendation, p. 19.

The parties filed objections to the Court's Report and Recommendation, and, on March 1, 2011, Judge Gottschall entered a Memorandum Opinion and Order adopting this Court's Report and Recommendation, denying the motion for default judgment and

imposing sanctions against Cannon; in particular, Judge Gottschall ordered Cannon to reimburse MacNeil "for its attorney's fees and costs for all discovery matters related to the manufacturing equipment from the date of spoliation." See March 1, 2011 Memorandum Opinion and Order, p. 10 (Docket #254). Judge Gottschall ordered MacNeil to submit a petition for fees, which it did, and Cannon responded with objections to the scope of that petition. Thereafter, on August 12, 2011, Judge Gottschall enlarged the referral to this Court to include resolution of the fee petition.

In its Petition, MacNeil seeks four categories of fees and costs. The first relates to the initial discovery requests MacNeil served on Cannon; the second relates to Macneil's second set of discovery requests; the third relates to the motion for sanctions; and the fourth relates to the spoliation motion.

At the outset, Cannon does not challenge the rates at which counsel for MacNeil billed, and the Court finds that MacNeil's proposed rates are reasonable. Cannon does challenge whether many of the time entries are reimbursable and whether many of the fees should be allowed – in some instances because counsel allegedly billed too much time on a particular task, and in some instances because the tasks for which time is billed fall outside the scope of the Court's sanctions ruling.

Turning to the first category, MacNeil seeks to recover fees

2

it incurred in connection with its initial discovery requests - including both its document requests and its initial set of interrogatories. Given that a plain reading of these requests reveals that they had nothing whatsoever to do with Cannon's manufacturing equipment, the Court agrees with Cannon that fees and costs related to these requests should not be reimbursed.

MacNeil argues that it is entitled to recover the fees incurred in connection with its first set of discovery requests because, if Cannon had simply advised MacNeil at that time that the manufacturing equipment was no longer available and no longer relevant, it would have ended the line of inquiry and saved MacNeil the time and expense of pursuing the issue in subsequent discovery requests. The Court rejects this argument. Although it is true that Cannon could have saved MacNeil a great deal of trouble if it had volunteered this information earlier, these requests did not pointedly ask the question that would have led to the disclosure that the manufacturing facility had been gutted. Accordingly, awarding these fees would go beyond the letter and the spirit of the Court's order.

MacNeil next seeks to recover fees incurred in connection with its second set of discovery requests. These requests relate more specifically to the manufacturing process and equipment, and these fees will be allowed; indeed request number 34 specifically asks Cannon to produce for inspection its manufacturing

equipment, etc. Although Cannon would like the Court to separate out just those requests that relate specifically to the manufacturing equipment, the Court declines to do so. At the end of the day, given that Cannon - and not MacNeil - has engaged in dilatory tactics and bad behavior during the discovery process, the Court is inclined to give MacNeil the benefit of the doubt, where possible, and to err on the side of over-inclusion when determining what does and does not fall within the scope of the sanctions order.

MacNeil also seeks to recover the fees and costs it incurred in connection with its motion for sanctions (the third category) and its spoliation motion (the fourth category). On April 6, 2010, MacNeil filed a motion for sanctions against Cannon, alleging that Cannon had violated the Order entered by this Court on March 10, 2010. Pursuant to that order, Cannon was to provide, by April 5, 2010, the remainder of documents responsive to Plaintiff's Second Set of Document Requests. That deadline came and went, without Cannon providing documents; instead, Cannon indicated on the deadline that it would make its London manufacturing facilities, as well as any documents and information therein, available for inspection. Given Cannon's complete disregard of the Court's Order, the Court granted MacNeil's sanctions motion and ordered Cannon to pay for MacNeil's attorneys' trip to London.

In early May, MacNeil's attorneys made the trip across the pond and found . . . nothing. They then filed a spoliation motion, arguing that Cannon's failure to preserve evidence – and, indeed, its intentional destruction of evidence – warranted the entry of a default judgment against Cannon. The Court declined to recommend that the District Judge enter a default judgment, but it did recommend that she impose additional sanctions; specifically, the Court recommended that the District Judge order Cannon to reimburse MacNeil for the fees and costs it incurred in connection with its attempts to obtain discovery relating to Cannon's manufacturing equipment – the order that led to the filing of the petition for fees that is now before the Court. There is no question that MacNeil is entitled to recover the fees and costs it incurred pursuing both of these motions, and, frankly, the Court is surprised that Cannon persists in fighting the issue.

Having determined which categories of fees will (and will not) be allowed, the Court must still determine the specific amount to be awarded. In support of its petition, MacNeil submitted a breakdown of the time billed, with a description of the services performed. In light of the ruling above, it is clear that not all of that time will be allowed. Certainly, any time relating to the first set of discovery requests will be disallowed. Additionally, where it is clear that the tasks

performed had nothing to do with the second set of discovery requests, or with the sanctions or spoliation motions, that time will be disallowed. MacNeil submitted declarations from the attorneys who handled the case for MacNeil, Robert C. Aument, Robert S. Grabemann and Timothy M. Schaum; all represent that the time captured on the sheets attached to the petition was "necessary and reasonable in light of the nature and complexity of the case." Aument Declaration, ¶4; Grabemann Declaration, ¶4; Schaum Declaration, ¶4. Yet, these representations say nothing about whether the time captured covers "discovery matters related to the manufacturing equipment" - which is the only relevant question when considering whether fees should be reimbursed consistent with the Court's order.

In some cases, the question is easily answered by looking at the descriptions of the tasks performed provided on the time sheets; in other cases, the issue is not so clear. Where an inference is reasonable and possible - considering the date and the surrounding time entries - the Court has given MacNeil the benefit of the doubt; in all other cases, the Court will exclude the fees. Thus, the Court will allow MacNeil to recover fees in the amount of $42,680.00.[1]

---

[1]This amount includes 10.5 hours billed by Mr. Grabemann at the rates of $315/per hour (9.7 hours) and $340/hour (.8 hours); it also includes 174.75 hours billed by Mr. Schaum at the rates of $220/hour (144.50 hours) and $250/hour (30.25 hours).

With respect to the costs requested, the Court has taken a similar tack - where the costs clearly relate to the first set of discovery requests, the costs are disallowed; costs relating to the manufacturing equipment discovery requests, and to the motions, will be allowed. In total, the Court will allow MacNeil to recover costs in the amount of $809.95.

Date: October 7, 2011

        E N T E R E D:

        _____
        MAGISTRATE JUDGE ARLANDER KEYS
        UNITED STATES DISTRICT COURT