# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| MACNEIL AUTOMOTIVE PRODUCTS, LIMITED, an Illinois Corporation, | )<br>)<br>) |
| Plaintiff, | )<br>) Judge Joan B. Gottschall |
| v. | )<br>) Case No. 08 C 0139 |
| CANNON AUTOMOTIVE LIMITED, f/k/a CANNON RUBBER LIMITED, AUTOMOBILE DIVISION, and C.A. HOLDINGS, plc, United Kingdom Companies, | )<br>)<br>)<br>)<br>)<br>) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

In its September 22, 2011 Memorandum Opinion and Order, this court granted C.A. Holdings' motion to dismiss for lack of personal jurisdiction. (ECF # 321.) Plaintiff MacNeil Automotive Products, Ltd. ("MacNeil") has filed a motion for reconsideration. (ECF # 325.) For the reasons described below, the court grants plaintiff's motion for reconsideration and vacates its September 22, 2011 order.

### I. BACKGROUND

MacNeil, an Illinois corporation, manufactures and supplies automotive accessories such as floor liners and mats for various automobile manufacturers. Cannon Rubber Limited Automobile Division ("Cannon"), an English corporation, manufactures and supplies rubber floor mats for automobiles. C.A. Holdings, also incorporated in England, is Cannon's parent corporation. According to MacNeil, Mr. Edward Atkin and his family own almost 100 percent of the shares in both Cannon and C.A. Holdings. MacNeil and Cannon began doing business together in 1989. The relationship between the parties began to deteriorate based on orders filled

1

in 2001 and 2004, and in January 2008, MacNeil filed a complaint against Cannon in this court.[1] In a second amended complaint, MacNeil added two counts against Cannon's parent company, C.A. Holdings: Count VIII, entitled "Alter Ego/Piercing the Corporate Veil," alleges that C.A. Holdings is the alter ego of Cannon and that the defendants inadequately capitalized Cannon, failed to observe corporate formalities, failed to act in Cannon's best interests, and removed substantial assets from Cannon to other wholly owned and controlled subsidiaries. Count IX, entitled "Substantial Control," alleges that C.A. Holdings exerted "total control" over Cannon's operations and that C.A. Holdings fraudulently transferred Cannon's assets to itself. Essentially, the amended complaint urged the court to hold Cannon and C.A. jointly and severally liable for any judgment or damages.

C.A. Holdings filed a motion to dismiss for lack of personal jurisdiction, arguing that, although Cannon was subject to the court's jurisdiction because it conducts substantial business in Illinois, C.A. Holdings (as its name suggests) is merely a holding company that has no contact with the United States. MacNeil argued in response that there are two alternate bases for the court's exercise of jurisdiction: (1) that C.A. Holdings is the alter ego of Cannon, and (2) that C.A. Holdings exercises substantial control over Cannon. The court ultimately ruled in C.A. Holdings' favor and granted its motion to dismiss.

## II. LEGAL STANDARD

Motions to reconsider under Federal Rule of Evidence 59(e) serve the limited function of allowing the Court to correct manifest errors of law or fact or consider newly discovered material evidence. *Seng-Tiong Ho v. Taflove,* 648 F.3d 489, 505 (7th Cir. 2011). The Seventh Circuit has

---

[1] For a fuller recitation of the facts underlying this case, see *MacNeil Automotive Products Ltd. v. Cannon Automotive Ltd.*, No. 08 C 0139, 2009 WL 65498 (N.D. Ill. Jan. 8, 2009). For the court's prior rulings on issues between MacNeil and Cannon, see *MacNeil Automotive Products Ltd. v. Cannon Automotive Ltd.*, No. 08 C 0139, 2011 WL 812140, *1-2 (N.D. Ill. Mar. 1, 2011), *MacNeil Automotive Products Ltd. v. Cannon Automotive Ltd.*, No. 08 C 0139, 2010 WL 4823592 (N.D. Ill. Nov. 19, 2010), and *MacNeil Automotive Products Ltd. v. Cannon Automotive Ltd.*, 715 F. Supp. 2d 786, 789 (N.D. Ill. 2010).

stated that "[a] district court may reconsider a prior decision when there has been a significant change in the law or facts since the parties presented the issue to the court, when the court misunderstands a party's arguments, or when the court overreaches by deciding an issue not properly before it." *United States v. Ligas*, 549 F.3d 497, 501 (7th Cir. 2008).

### III. ANALYSIS

In its motion to reconsider, MacNeil essentially argues that there was an insufficient factual basis for the court to conclude it lacked personal jurisdiction over C.A. Holdings. The court based its earlier ruling on MacNeil's complaint as well as certain affidavits and exhibits appended to the parties' motion to dismiss filings. MacNeil argues that additional discovery was needed to make a full and accurate decision on the personal jurisdiction issue. In response, C.A. Holdings argues that the court could not order further discovery without first finding that MacNeil had demonstrated a *prima facie* case of personal jurisdiction, which it failed to do.

The precise nature of a plaintiff's burden when faced with a motion to dismiss for lack of personal jurisdiction is somewhat unclear. It is generally understood that a plaintiff need not include facts alleging personal jurisdiction in his complaint, but will then bear the burden of establishing jurisdiction once a defendant has moved to dismiss under Rule 12(b)(2). *Central States, S.E. & S.W. Areas Pension Fund v. Reimer Express World Corp.,* 230 F.3d 934, 939 (7th Cir. 2000); *Steel Warehouse of Wisconsin, Inc. v. Leach,* 154 F.3d 712, 715 (7th Cir. 1998). There is, however, some inconsistency in the reported law addressing the manner by which plaintiffs may meet that burden.[2] For example, in *Purdue Research Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773 (7th Cir. 2003), the Seventh Circuit held that a plaintiff can survive a motion to dismiss merely by establishing a *prima facie* case and that "[i]n evaluating whether the *prima*

---

[2] For a thoughtful discussion of this point, see *Hoffa Eng'g, LLC v. Craney,* No. 1:06-cv-481, 2007 WL 831820, at * 4 (S.D. Ind. March 12, 2007) (resolving apparent inconsistencies among seventh circuit opinions as to nature of plaintiff's burden in response to Rule 12(b)(2) motion to dismiss).

3

*facie* standard has been satisfied, the plaintiff is entitled to the resolution in its favor of all disputes concerning relevant facts presented in the record." Then, in *Hyatt Int'l Corp. v. Coco,* the circuit court stated that district courts "*must* hold an evidentiary hearing" to resolve any factual disputes concerning personal jurisdiction, during which the plaintiff must demonstrate personal jurisdiction by a preponderance of the evidence. 302 F.3d 707, 713 (7th Cir. 2002) (emphasis added.) Finally, in *Central States,* 440 F.3d at 878, the court wrote again that factual disputes presented in the affidavits are to be automatically resolved in the plaintiff's favor.

Courts in this circuit have attempted to reconcile the above directives with the following rule: When the district court holds an evidentiary hearing to determine jurisdiction, the plaintiff must establish jurisdiction by a preponderance of the evidence; and when the district court rules on a defendant's motion to dismiss based on the submission of written materials, without the benefit of an evidentiary hearing, the plaintiff need only make out a *prima facie* case of personal jurisdiction. *E.g.*, *Wells v. Edison Int'l, Inc.,* No. 09 C 1728, 2009 WL 1891801, at *1 (N.D.Ill. July 1, 2009); *ACME-Hardesty v. Van Leer Malasia,* No. 08 C 4248, 2009 WL 537078, at *2 (N.D. Ill. March 4, 2009). The problem with that recitation of the rule that it leaves an obvious question: when should courts subject plaintiff to a hearing (requiring a preponderance standard) and when should courts rule on the motion to dismiss based on the record alone (requiring only a *prima facie* showing)?

A close review of the Seventh Circuit cases noted above indicates that a more helpful recitation of the rule would proceed as follows. Once a defendant has moved to dismiss under Federal Rule of Civil Procedure 12(b)(2), a plaintiff must make a *prima facie* showing of personal jurisdiction. *Purdue Research Found.,* 338 F.3d at 782. In determining whether the plaintiff has made such a showing, the district court should consider the plaintiff's well-pleaded

4

allegations as true, and should also consider affidavits or other evidence submitted by the defendant in opposition to the exercise of jurisdiction. *Tamburo,* 601 F.3d at 700. If the plaintiff succeeds in making out a *prima facie* showing, the court must then consider if the defendant has succeeded in putting material facts into dispute; and if it has, the court must hold an evidentiary hearing to resolve them. *Hyatt,* 302 F.3d at 713. The timing of that hearing is left to the discretion of the district court. Fed. R. Civ. P. 12(b)(2) (expressly authorizing courts to conduct hearings on Rule 12(b)(2) defenses before trial or to defer them until trial); *United States on Pet. of Pac. Emp'r Ins. Co. v. Tehan,* 252 F.2d 298, 298 (7th Cir. 1958) (denying petition for writ of mandamus which sought to prohibit district court from conducting further proceedings until it ruled on motion to dismiss for lack of jurisdiction).

In this case, the court considered MacNeil's complaint as well as an affidavit submitted by C.A. Holdings and concluded that MacNeil failed to make a *prima facie* showing of personal jurisdiction. That holding was based on the court's conclusion that MacNeil could not establish two important factors in the piercing the corporate veil analysis: (2) failure to observe corporate formalities, and (2) undercapitalization. The court relied in large part on an affidavit submitted by C.A. Holdings, in which its Chief Financial Officer, Dermot O'Brien, swore that C.A. Holdings provides oversight and assistance to Cannon typical of an English holding company, and that the entities were otherwise separate and independent. (ECF # 250-2 at 2-4.)

In reconsidering its decision, the court finds that the O'Brien affidavit, rather than defeating MacNeil's *prima facie* showing, merely creates factual disputes concerning Cannon's undercapitalization and observance of corporate formalities. These disputes necessitate a hearing. MacNeil's complaint alleged that (1) Cannon is severely undercapitalized, having held no significant assets and suffered losses for years (2nd Am. Compl., ECF # 235 ¶¶ 41-42.); (2) C.A.

Holdings would freely assume Cannon's assets or transfer them to other subsidiaries without providing Cannon with adequate consideration (*id.* ¶ 43); (3) Cannon employees did not view debts owed by Cannon to C.A. Holdings as real debts effecting Cannon's financial condition (*id.* ¶ 45); and (4) C.A. Holdings' other subsidiaries were created to hold and manage former, significant assets of Cannon, which C.A. Holdings improperly transferred away from Cannon. Those facts, if taken as true, would warrant corporate-veil piercing and thus establish a *prima facie* case of personal jurisdiction. *Judson Atkinson Candies, Inc. v. Latini-Hohberger Dhimantec,* 529 F.3d 371, 379 (7th Cir. 2008); *Laborers' Pension Fund v. Lay-Com, Inc.*, 580 F.3d 602, 612 (7th Cir. 2009). The fact that they are contradicted by the O'Brien affidavit does not warrant dismissal at this procedural stage.

In opposition to the motion for reconsideration, C.A. Holdings seems to argue that although McNeil sufficiently alleged personal jurisdiction, it failed to present evidence proving personal jurisdiction: "MacNeil has painted itself into this particular corner because it fails to distinguish between its allegations and its evidence. As was amply explored in the original briefing, none of the evidence in this case supports the allegations in MacNeil's pleadings and Response brief." (ECF # 328 at 11.) What C.A. Holdings ignores, however, is that the court must take those allegations as true at this stage of the litigation and cannot resolve material disputes of fact without a hearing. *Central States*, 440 F.3d at 878; *Hyatt*, 302 F.3d at 713. Therefore, MacNeil's failure to provide "evidence" following its *prima facie* showing is not yet dispositive. C.A. Holdings is correct that MacNeil must *eventually* prove the facts contained in the amended complaint by a preponderance of the evidence, but the court cannot require that proof without first making a threshold determination on the *prima facie* showing and then

6

allowing some limited discovery on issues directly related to personal jurisdiction so that a hearing may take place.

C.A. Holdings also argues that McNeil cannot now request a hearing after failing to do so in its initial response to the motion to dismiss because a motion for reconsideration cannot be used as "a vehicle for a party to undo its own procedural failures." (ECF # 328 at 10.) While the court agrees that Rule 59(e) motions cannot be used to remedy a party's procedural failure, *United States v. Resnick,* 594 F.3d 562, 568 (7th Cir. 2010), in this case, there was nothing requiring MacNeil to request a hearing before the court ordered one. The Seventh Circuit has directed that, if material facts are in dispute, the court must conduct a hearing to resolve them. The court is unaware of any rule or precedent requiring plaintiff to request a hearing before the court proceeds with one.

## IV. CONCLUSION

For the above reasons, the court grants MacNeil's motion for reconsideration and vacates the September 22, 2011 order granting the motion to dismiss. The parties are ordered to appear to set a date for a hearing and to advise the court what additional discovery, if any, must take place before the hearing.

ENTER:

/s/
JOAN B. GOTTSCHALL
United States District Judge

DATED: June 22, 2012