# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan B. Gottschall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 0139 | **DATE** | 11/28/2012 |
| **CASE TITLE** | MacNeil Automotive Products Ltd. vs. Cannon Automotive Ltd., et al. | | |

**DOCKET ENTRY TEXT**

Defendant's Motion for Leave to Amend Counterclaims [414] is granted. Plaintiff is directed to answer the amended counterclaim by 12/20/2012.

■[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

     Plaintiff MacNeil Automotive Products Limited ("MacNeil") sued Defendant Cannon Automotive Limited ("Cannon") over defective automobile floor mats produced by Cannon and supplied by MacNeil to auto manufacturers. Cannon filed counterclaims for breach of contract and promissory estoppel, arguing that MacNeil had terminated its contract with Cannon with insufficient notice and seeking damages for a three-month supply of floor mats made by Cannon for MacNeil for which MacNeil allegedly refused to pay. Now before the court is Cannon's motion for leave to amend its counterclaims. Cannon seeks to clarify its contract claim and withdraw its promissory estoppel claim. For the reasons that follow, the motion is granted.

     Pursuant to Federal Rule of Civil Procedure 15(a)(2), a party may "amend its pleading only with the opposing party's written consent or the court's leave." Although MacNeil objects to Cannon's amendments, the Rule further states that the court should grant amendments freely "when justice so requires." The decision to grant leave to amend is within the sound discretion of the court. *Pugh v. Tribune Co.*, 521 F.3d 686, 698 (7th Cir. 2008). Leave to amend may be denied for several reasons, including "undue delay, bad faith, dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party . . ., [and the] futility of the amendment." *Barry Aviation, Inc. v. Land O'Lakes Mun. Airport Com'n*, 388 F.3d 682, 687 (7th Cir. 2004). But "[i]f the underlying facts or circumstances relied upon by the plaintiff may be a proper subject of relief, [it] ought to be afforded an opportunity to test [its] claim on the merits." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

     MacNeil contends that Cannon's amendment is brought in bad faith because record evidence shows that the parties had no agreement that Cannon would manufacture and keep on hand a three-month supply of floor mats. MacNeil further argues that Cannon has represented to this court that the parties had a series of multiple contracts relating to shipments of goods for various customers, rather than one overarching distribution agreement that lasted from 1989 to 2007, as the counterclaim states. MacNeil further argues that it would suffer

| STATEMENT |
|---|

undue prejudice were amendment permitted because the floor mats allegedly produced for MacNeil were ruined by exposure to the elements, and relevant evidence has been spoliated because Cannon apparently no longer possesses the product. Given the spoliation of evidence, MacNeil would be unable to defend on grounds that the mats were not commercially acceptable. Finally, MacNeil argues that Cannon has failed to investigate the basis for the amounts of its claims.

Cannon responds that these arguments are directed at the merits of the counterclaim and would be better addressed on a motion for summary judgment. The court agrees. The amendment to the counterclaim presents no surprise or prejudice to MacNeil. Rather, it is substantially similar to the previous counterclaim, initially brought in July 2010. Its effect is to narrow Cannon's breach of contract claim to damages for lost sales and for the manufacture of a three-month excess supply of floor mats, and to eliminate the promissory estoppel claim. These amendments are helpful in focusing the issues before the court.

MacNeil may have a basis to seek summary judgment or dismissal of the counterclaim. MacNeil should raise those issues by motion in accordance with Federal Rule of Civil Procedure 7(b), which provides that "[a] request for a court order must be made by motion." Given the liberal amendment policies embodied in Rule 15, however, the court finds no basis to deny the requested amendment.