# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan B. Gottschall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 0139 | **DATE** | 12/7/2012 |
| **CASE TITLE** | MacNeil Automotive Products Ltd. vs. Cannon Automotive Ltd. | | |

**DOCKET ENTRY TEXT**

The court adopts the Report and Recommendation of the magistrate judge [453]. Plaintiff's Motion for Default Judgment and Sanctions [385] is granted. Plaintiff's Motion for Leave to File [387] was granted by the magistrate judge on 8/8/12.

■[ For further details see text below.]

Docketing to mail notices.

## STATEMENT

Pending before the court is the Report and Recommendation of United States Magistrate Judge Arlander Keys (ECF No. 453), recommending that Plaintiff MacNeil Automotive Products Limited ("MacNeil") be granted judgment in its favor on its conversion claim against Cannon Automotive Limited ("Cannon"), with the amount of the judgment to be determined at trial. On August 3, 2012, MacNeil moved for judgment on its conversion claim, count VII of its Third Amended Complaint, and sanctions pursuant to Federal Rule of Civil Procedure 37 and the court's inherent authority. Magistrate Judge Keys entered the Report and Recommendation on November 7, 2012. The court invited the parties to file responses/objections by November 22, 2012, and replies by December 6, 2012.

The court has reviewed de novo those issues to which specific objections have been made. *See* Fed. R. Civ. P. 72(b)(3). MacNeil objects to the Report and Recommendation insofar as it grants judgment in MacNeil's favor only with respect to six tool sets that went missing between May 2010 and July 2012. Magistrate Judge Keys concluded that these tools were lost at a time when it was clear that Cannon had a duty to preserve MacNeil's tools, and that the sanction of judgment was appropriate given Cannon's willful indifference to its duty to preserve evidence. MacNeil contends that a total of forty-six tool sets were shipped to Cannon, and that Cannon currently has only thirty-one tool sets, meaning fifteen sets are now missing.

MacNeil may be able to prove at trial that it is entitled to damages for the nine additional tool sets that are allegedly missing (or indeed, for all of the tools it shipped to Cannon). But the court agrees with Magistrate Judge Keys that sanctions are appropriate here for the six tool sets that the evidence establishes went missing after May 2010, at a time when Cannon knew it had a duty to preserve the tools as evidence in this litigation. The record before the court does not establish when the other nine tool sets disappeared.

## STATEMENT

Cannon admits that sanctions are appropriate for the six sets of tools lost after May 2010, but it argues that because its liability as to the other tools sets remains in dispute, the court should award MacNeil only the attorney's fees incurred in bringing the present motion for judgment and sanctions. The Report and Recommendation states that "MacNeil should also be awarded its reasonable fees and costs relating to the conversion claim." (Report and Recommendation 12.) It is not clear whether Magistrate Judge Keys meant to limit those fees and costs to those related to MacNeil's motion, or whether they encompassed all fees incurred in relation to the conversion claim since the inception of this litigation in 2008. The court agrees with Cannon that MacNeil's conversion claim remains very much alive as to the other tool sets. At this time, MacNeil is entitled to attorney's fees and costs incurred in bringing the motion in question. (ECF No. 385).

In conclusion, the court adopts Magistrate Judge Keys's Report and Recommendation. (ECF No. 453.) The court grants MacNeil's motion for judgment on its conversion claim as to six tool sets, with the amount of the judgment to be determined at trial. MacNeil may submit a bill of attorney's fees and costs related to its motion for judgment and sanctions.